IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00040-BNB

ANDREW SOLAZZO,

     Plaintiff,

v.

JOHN DAVIS, Warden, to be sued in his individual capacity, and
JOHN DOE, to be sued in their [sic] individual capacity,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Andrew Solazzo, is a prisoner in the custody of the Colorado

Department of Corrections incarcerated at the correctional facility in Buena Vista,

Colorado.  He initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42

U.S.C. § 1983 (ECF No. 1) for money damages.  Mr. Solazzo has been granted leave to

proceed pursuant to 28 U.S.C. § 1915.

     The Court must construe Mr. Solazzo's Prisoner Complaint liberally because he

is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Solazzo will be directed to file an amended Prisoner Complaint.

     Mr. Solazzo's Prisoner Complaint does not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against

them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Solazzo's complaint is vague, verbose, and rambling. He alleges that his head was seriously injured by razor wire while he was walking outside in the prison yard; he required first responders to stop the bleeding, was rushed to the hospital emergency room, and intravenously given plasma that was contaminated. He complains that receiving plasma is against his religion.

Mr. Solazzo fails to assert his claims in a manner that is clear and concise and allows the Court and each Respondent to understand and respond to each asserted claim. Generally, Mr. Solazzo fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is

2

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Solazzo must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Solazzo must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. The Court and defendants should not be required to sift through verbose allegations to determine the heart of each claim.

The Prisoner Complaint also is deficient because Mr. Solazzo fails to allege facts that demonstrate each of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Solazzo "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose

3

of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Solazzo should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Solazzo must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official, such Warden John Davis, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created,

4

implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Solazzo may use fictitious names, such as "John or Jane Doe," if he does not

know the real names of the individuals who allegedly violated his rights.  However, if Mr.

Solazzo uses fictitious names he must provide sufficient information about each

defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir.

1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court

finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8.

Mr. Solazzo will be given an opportunity to cure the deficiencies by submitting an

amended Prisoner Complaint that states claims clearly and concisely in compliance with

Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named

defendant personally participated in the asserted constitutional violations.  The Court

will not consider any claims raised in separate attachments, amendments, supplements,

motions, or other documents not included in the amended Prisoner Complaint.

Accordingly, it is

ORDERED that Plaintiff, Andrew Solazzo, **within thirty (30) days from the date

of this order** file an amended Prisoner Complaint that complies with this order.  It is

FURTHER ORDERED that the amended Prisoner Complaint shall be titled

"Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United

States District Court for the District of Colorado, Alfred A. Arraj United States

Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Solazzo shall obtain the Court-approved Prisoner

Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and

use that form in submitting the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Solazzo fails to file an amended Prisoner

Complaint that complies with this order within the time allowed, some or all claims and

defendants or the entire action may be dismissed without further notice for the reasons

stated above.

DATED January 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge