IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00040-REB-BNB

ANDREW SOLAZZO,

Plaintiff,

v.

KERRY BYNES, in his individual capacity, and
DOUGLAS SPENCE, in his individual capacity,

Defendants.
_____

### AMENDED[1] RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following motions (the "Motions"):

(1) **Motion to Dismiss Amended Complaint** [Doc. #35, filed 10/06/2014] (the "Motion to Dismiss"), and

(2) **Motion to Amend the Complaint to Add as Defendants** [sic] [Doc. #52, filed 12/23/2014] (the "Motion to Amend").

I respectfully RECOMMEND that the Motion to Dismiss be GRANTED and the Motion to Amend be DENIED.

The plaintiff is incarcerated by the Colorado Department of Corrections. He filed his initial Complaint on January 7, 2014 [Doc. #1] (the "Initial Complaint"). The Initial Complaint named Warden John Davis and John Doe as defendants. On January 10, 2014, the court found that the Initial Complaint was deficient because it did not assert concise claims in compliance

---

[1]In the original recommendation, I inadvertently stated that the Motion to Dismiss should be denied. The amendment reflects my recommendation that the Motion to Dismiss be granted.

with Rule 8 of the Federal Rules of Civil Procedure and because it failed to allege facts demonstrating personal participation by each defendant in the alleged violations of the plaintiff's constitutional rights. The plaintiff was directed to file an amended complaint. *Order Directing Plaintiff to File Amended Complaint* [Doc. #5].

The plaintiff filed his Amended Prisoner Complaint on March 20, 2014 [Doc. #12] (the "Amended Complaint"). The plaintiff alleges that on May 12, 2013, he was severely injured by razor wire that was misplaced in the prison yard, and he had to be taken to the hospital for his injury. He is suing Sergeant Binds,[2] the "head of recreation." *Amended Complaint*, Caption and p. 2.[3] The plaintiff states that "[t]here were numerous incident [sic] with the same razor wire. Officer Sgt. Binds and Ged Principal and inmates." He also states that Sgt. Bynes "was injured by the same razor wire" and "was responsible for the safety of the yard." Id. at p. 2.

The plaintiff names Douglas Spence as a second defendant in the caption of his Amended Complaint, but he does not mention Spence in the body of the Amended Complaint. In the Amended Complaint's description of the parties, the plaintiff names "John Doe of Security" as the second defendant. He states that John Doe "had placed the razor wire in a [sic] unnecesary [sic] location or place." Id. He alleges that "security" was "responsible for the environment." Id. at p. 4. He summarily states that "[t]he prison, medical, recreation, warden were fully aware of this known danger." Id.

---

[2] The defendant's name is Kerry Bynes, not Binds.

[3] I refer to the page numbers of the Amended Complaint as they are assigned by the court's docketing system.

The plaintiff asserts that the defendants violated his Eighth Amendment rights.[4] He is suing defendants Bynes and Spence in their individual capacities. Id. at Caption. Defendants Bynes and Spence have filed a motion to dismiss the Amended Complaint.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## MOTION TO DISMISS

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

Defendants Bynes and Spence assert that they are entitled to qualified immunity. *Motion to Dismiss*, p. 11. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not

---

[4] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. In addition, I must inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[5]

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care and take "reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotations and citations omitted). A prison official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm. Id. at 834.

Therefore, in order to sustain an Eighth Amendment claim that prison officials are ignoring a substantial risk of serious harm, the prisoner must establish both an objective and a

---

[5] The order in which I may consider these factors is discretionary. Pearson v. Callahan, 555 U.S. 223, 236 (2009). However, both prongs must be satisfied. Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

4

subjective component. The objective component requires that the prisoner show that the deprivation alleged is sufficiently serious. To satisfy the subjective component, the prisoner must demonstrate that the defendants acted with deliberate indifference. Id. Deliberate indifference means that the official "knows of and disregards an excessive risk to the inmate's safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The Amended Complaint does not contain any specific factual allegations to show that defendants Bynes, Spence, or any John Doe knew of and deliberately disregarded a substantial risk of harm to the plaintiff. To the contrary, the plaintiff's allegations against the defendants are vague and conclusory. There are no specific facts regarding the actions or inactions of the defendants.

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted). This is especially true in cases, like this one, where the defense of qualified immunity has been asserted. Id. at 1248-49.

The Tenth Circuit has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds on which the claim rests. See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").

Id. at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, the Amended Complaint is devoid of factual detail; it contains only vague and conclusory statements regarding the defendants' knowledge of the razor wire. Those allegations are insufficient to state a claim for violation of the Eighth Amendment. Accordingly, the defendants are entitled to qualified immunity, and the Motion to Dismiss should be granted.[6]

## MOTION TO AMEND

The plaintiff seeks to amend his Amended Complaint to add as defendants Rick Raemisch, Executive Director of the Colorado Department of Corrections; Warden John Davis; Assistant Warden John Doe; and several John Does (the Major, the Lieutenant, and the Captains on duty at the time of the injury) because they were in supervisory positions over the staff and

---

[6]Because I find that the Motion to Dismiss should be granted for failure to state a claim upon which relief can be granted, I do not address the defendants' other arguments.

inmates "and reasonably should have known or did know that dangerous conditions present would inflict harm and where [sic] well aware before the actual injuries incurred by the Plaintiff that the dangerous conditions existed and failed to take corrective measures." In addition, they "are all well aware of their duty of care to protect the Plaintiff from harm." The plaintiff's allegations against the proposed defendants also are vague and conclusory. Moreover, the plaintiff has already been told that he may not sue under a theory of respondeat superior. When ordering the plaintiff to file an amended complaint, the court stated:

> Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Solazzo must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official, such Warden John Davis, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,
>
>> when a plaintiff sues an official under Bivens or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.
>
> *See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

*Order Directing Plaintiff to File Amended Complaint*, [Doc. #5], pp. 4-5.

A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). The plaintiff's proposed amendments would be futile because his allegations against the defendants are vague, conclusory, and are generally an attempt to hold the proposed defendants liable based on their supervisory positions.

Moreover, the plaintiff was directed to file an Amended Complaint over one year ago. He could have added the proposed defendants then, but he did not. He does not offer any explanation why he waited almost a full year to attempt to add them. The Tenth Circuit Court of Appeals has "often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotations and citation omitted). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id. (internal quotations and citation omitted).

The plaintiff's proposed amendment is untimely and would be futile. The Motion to Amend should be denied.

I respectfully RECOMMEND that the Motion to Dismiss [Doc. # 35] be GRANTED and the Motion to Amend [Doc. # 52] be DENIED.[7]

Dated January 27, 2015.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[7] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).