**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00040-REB-CBS

ANDREW SOLAZZO,

    Plaintiff,

v.

KERRY BYNES, in his individual capacity, and
DOUGLAS SPENCE, in his individual capacity,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) the **Motion to Dismiss Amended Complaint** [#35][1] filed October 6, 2014; (2) the **Motion to Amend the Complaint to Add as Defendants** [sic] [#52] filed December 23, 2014; (3) the corresponding **<u>Amended</u> Recommendation of United States Magistrate Judge** [#61] filed January 27, 2015; and (4) the **Plaintiff's Motion for Summary Judgment Pursuant To Rule 56** [#67] filed March 19, 2015.[2] The plaintiff filed objections [#66] to the recommendation. I overrule the objections, approve and adopt the recommendation, grant the motion to dismiss, deny the motion to amend, and deny the motion for

---

[1] "[#35]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The motion for summary judgment [#67] was referred to the magistrate judge. Because this case is resolved fully on the bases addressed in the recommendation [#61] of the magistrate judge, I withdraw the reference of the motion for summary judgment and resolve that motion in this order.

summary judgment.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

Because the plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff, Andrew Solazzo, is incarcerated by the Colorado Department of Corrections. The plaintiff names as defendants Sergeant Binds,[3] the "head of recreation," and Douglas Spence, the "John Doe of Security." The plaintiff sues the defendants in their individual capacities. In his claim for relief, Mr. Solazzo alleges that the defendants knew or should have known that the razor wire hanging four-feet from the ground in the recreation yard created a substantial risk of serious harm to him.

The razor wire injured Mr. Solazzo. The injury required hospitalization and five staples to repair the cut on his head. He states that the razor wire had previously injured three other individuals including the GED teacher, a guard (defendant Bynes), and another Inmate. He contends these facts demonstrate violations of his Eighth Amendment right against cruel and unusual punishment.

The defendants moved for dismissal of the claim of Mr. Solarazzo, arguing that his claim was deficient because the allegations in the complaint are vague and

---

[3] The defendant's name is Kerry Bynes, not Binds.

rambling, and do not include details about the knowledge of the defendants about the razor wire.  Addressing the issues raised in the motion to dismiss from the bench, the magistrate judge concluded that the defendants are entitled to qualified immunity and recommended that the motion to dismiss be granted.  The magistrate judge correctly applied the proper standards in analyzing the motion to dismiss.  The magistrate judge concluded that the amended complaint [#12] does not include sufficient factual allegations which might show that the defendants acted with deliberate indifference to the danger presented by the razor wire. The magistrate judge noted that the allegations in the amended complaint [#12] are vague and conclusory. The amended complaint [#12] does not specify the nature of the knowledge or involvement of the individual defendants with the razor wire in question.  The allegations in the complaint [#12] are insufficient to state a claim for violation of the Eighth Amendment right against cruel and unusual punishment of Mr. Solazzo and to overcome the defense of qualified immunity.

Addressing the motion to amend the complaint, the magistrate judge found that the motion to amend should be denied.  The magistrate correctly applied the proper standards and concluded that the proposed amendment is untimely and would be futile.  He noted that the plaintiff could have added the proposed new defendants when the plaintiff was directed to file an amended complaint over one year ago.  However, the plaintiff did not add these defendants, and he did not give a explanation for waiting almost a full year to attempt add them.

After *de novo* review, I concur with the analysis and conclusions of the magistrate judge.  The objections [#66] do not contain valid criticism of the analysis and conclusions of the magistrate judge.  Thus, I overrule the objections and approve and adopt the recommendation.

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A movant who bears the burden of proof, as does Mr. Solazzo, must submit evidence to establish every essential element of his claim or affirmative defense. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). In his motion for summary judgment [#67], Mr. Solazzo provides no evidence and makes highly generalized statements of fact and conclusions of law. Mr. Solazzo has not satisfied the standards applicable to a motion for summary judgment under FED. R. CIV. P. 56.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Amended Recommendation of United States Magistrate Judge** [#61] filed January 27, 2015, is approved and adopted as an order of this court;

2. That the objections [#66] of the plaintiff are overruled;

3. That under FED. R. CIV. P. 12(b)(6), the **Motion to Dismiss Amended Complaint** [#35] filed October 6, 2014, is granted;

4. That the **Motion to Amend the Complaint to Add as Defendants** [sic] [#52] filed December 23, 2014, is denied;

5. That the reference [#68] of the **Plaintiff's Motion for Summary Judgment Pursuant To Rule 56** [#67] filed March 19, 2015, to the magistrate judge respectfully is withdrawn;

6. That the **Plaintiff's Motion for Summary Judgment Pursuant To Rule 56** [#67] filed March 19, 2015, is denied;

7. That judgment shall enter in favor the defendants, Kerry Bynes and

Douglas Spence, against the plaintiff, Andrew Solazzo;

8.  That the defendant are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

9.  That the **Plaintiffs** [*sic*] **Motion for a Settlement Conference, Or Another Alternative Dispute Resolution Proceeding** [#75] filed July 1, 2015, is denied as moot; and

10.  That this case is closed.

Dated July 23, 2015, at Denver, Colorado.

        **BY THE COURT:**

*Bob Blackburn* (signature)

Robert E. Blackburn
United States District Judge